# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BUDEPRION XL<br>MARKETING & SALES LITIGATION | MDL No. 2107 |
| THIS DOCUMENT APPLIES TO: ALL<br>ACTIONS, | 09-md-2107 |

## [PROPOSED] STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

Pursuant to agreement of all parties, the Court finds that good cause exists for entry of a protective order in the above-captioned matters ("the Actions") to encourage the sharing of information among the parties; expedite the production of documents; facilitate the prompt resolution of disputes over confidentiality; and adequately protect confidential material from unauthorized disclosure that may damage or harm Defendants' business interests, including trade secrets, proprietary information, confidential research and other confidential information and documents; and to protect from unauthorized disclosure any information protected from disclosure by operation of federal and state constitutional, statutory and regulatory law protecting the privacy rights of individuals. Accordingly it is HEREBY ORDERED that the following provisions shall govern the documents, materials or other things or other portions thereof (and the information contained therein) produced by the parties or non-parties to this litigation:

### 1. Designation of "Confidential" and "Highly Confidential/Attorney Eyes Only" Information.

Any information, documents, materials or things, including all written, recorded or graphic matter (hereinafter referred to collectively to as "documents") or portion thereof produced by the parties or non-parties, whether pursuant to subpoena, order of Court or voluntarily, may be designated by any party or other person, including non-party recipients of discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES

ONLY."

      (a)     "CONFIDENTIAL" information is information that is used by Defendants in their businesses and that is not generally known and would not normally be disclosed to third parties or, if disclosed, would require such third parties to maintain it in confidence.

      (b)     "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" information is trade secrets, highly sensitive and non-public research and analysis, customer information, financial, marketing, and strategic business planning information (including past information indicative of current practices), current or any future pricing information, information relating to research, development, testing of, and plans for, a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its past, present or proposed commercial production of such products, information relating to pending or abandoned patent applications which have not been made available to the public, communications regarding any of the Highly Confidential Material, and any other information that a party believes in good faith could be used by a competitor to harm its business; and Plaintiffs' personal, health or medical information that is protected from disclosure by operation of federal and state constitutional, statutory and regulatory law protecting the privacy rights of individuals including HIPAA.

## 2.    Method for Designating "Confidential" and "Highly Confidential/Attorney Eyes Only" Information.

      (a)     Designation of documents as "Confidential" or "Highly Confidential/Attorney Eyes Only" shall be made by affixing to each such document one of the following legends:

- CONFIDENTIAL (Case No. 09-md-2107, E.D. Pa.).

- HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY (Case No. 09-md-2107, E.D. Pa.).

This legend shall be affixed to each page of any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," but shall not obscure any part of the text. A designation shall subject the document, and its contents, to this Order without any further action. A party or person may designate electronic native format files as "Confidential" or "Highly Confidential/Attorney Eyes Only" as appropriate, by noting such designation in an accompanying cover letter and on the CD or other media device on which such files are produced, without need to include additional designations within each electronic native format file. With respect to answers to interrogatories or requests for admission, each page of these responses containing "Confidential" or "Highly Confidential" information shall be so marked.

      (b)    Any person giving deposition or hearing testimony in this litigation as a representative of a party, or the party so represented, may designate any or all of the testimony as "Confidential" or "Highly Confidential/Attorney Eyes Only." The person or party desiring to designate any portion of a deposition as "Confidential" or "Highly Confidential/Attorney Eyes Only" may do so on the record while the deposition is being taken, either personally or through counsel. Additionally, a party may designate all, or any portion of, the transcript of any deposition (or any other testimony) as containing "Confidential" or "Highly Confidential/Attorney Eyes Only" information by notifying the opposing party in writing, within thirty (30) days of receipt of the transcript. All such transcripts shall provisionally be treated as "Highly Confidential/Attorney Eyes Only" until the later of the date the testimony is so designated, or thirty (30) days after the transcript is received.

### 3.    Use of "Confidential" and "Highly Confidential/Attorney Eyes Only" Information.

As to each document or portion designated as "Confidential" or "Highly Confidential/Attorney Eyes Only," the receiving party shall not disclose such document or portion (or the contents thereof) to others except as provided for herein, and shall not use such document or portion (or the contents thereof) for any purpose other than the prosecution or defense of the above-captioned action (or any civil action now or later consolidated with MDL

No. 2107) and in accordance with the terms of this Order.

### 4.   Disclosure of and Access to "Confidential" and "Highly Confidential/ Attorney Eyes Only" Information.

"Confidential" and "Highly Confidential/Attorney Eyes Only" information or documents may be disclosed, as necessary, to

(a)     attorneys of record for a party, and their employed secretaries, paralegals, legal assistants, as well as outside support services hired by such attorneys (including, without limitation, copy services, document management services, and graphic services), without such persons signing a confidentiality agreement.

(b)     in-house litigation counsel for a party, which litigation counsel have executed Exhibits A and B to this Protective Order;

(c)     the Court and any employee thereof, if such documents or information is filed under seal, submitted *in camera*, presented while the courtroom is sealed, or by any other agreement of the parties; and

(d)     an expert or consultant ("Independent Advisor") who is retained by the attorneys of record, but only if such expert or consultant is **not** (i) a current or former employee of a party (or subsidiary or affiliate of a party), (ii) a current employee of any manufacturer of branded or generic drugs in the United States (or subsidiary, parent or affiliate of any such manufacturer); (iii) an employee or agent of Peoples' Pharmacy or ConsumerLab; (iv) a person who is currently providing consulting or expert services to GlaxoSmithKline or Biovail Corp. (or any subsidiary or affiliate thereof), concerning any prescription drug; or (v) a person who is currently providing consulting or expert services to any nonparty brand or generic drug manufacturer (or any subsidiary, parent or affiliate thereof), concerning bupropion hydrochloride. Should a party desire to engage an Independent Advisor who falls into categories (i)-(v) above, prior to disclosing any "Confidential" or "Highly Confidential/Attorney Eyes Only" information, the party seeking to engage the Independent Advisor must provide to all other parties in writing the name and current employer of the Independent Advisor; a current resume; signed copies of Exhibits A and B hereto; and, for persons falling into category (iv) or

(v), a description of the consulting or expert services currently being provided. Within five (5) business days, any party that has a good faith objection to the disclosure of its "Confidential" or "Highly Confidential/Attorney Eyes Only" information to the Independent Advisor shall convey in writing its objection, including the basis for such objection. The parties shall confer promptly in an effort to resolve such objections. If the parties are unable to resolve their dispute, the objecting party shall file a motion for protective order to prevent disclosure to the Independent Advisor.

        (e)      any person who is a current employee of the producing party; or

        (f)      any person who is identified as having prepared, received, reviewed or been provided access to the "Confidential" or "Highly Confidential/Attorney Eyes Only" material prior to its production in the action, and has been noticed for deposition or as a trial witness, provided however that such disclosure may only occur for the purpose of conducting the deposition or trial examination of the person, or assisting in the preparation of such person for deposition or trial examination and only if counsel has a good faith belief that the witness has relevant information regarding the Confidential Material;

Notwithstanding these provisions, a plaintiff's medical records may be disclosed to any of that plaintiff's health care providers (including doctors, nurses, pharmacists, and insurers) during deposition or trial testimony.

**5.    Disclosure of "Confidential" Information to Senior Business Representatives.**

Counsel for a party may disclose "Confidential" information or documents (but not "Highly Confidential/Attorney Eyes Only" information or documents) to no more than three directors, officers, or managing agents (hereinafter "Senior Business Representatives"), solely for purposes of making litigation decisions. Senior Business Representatives must be identified by name and title and designated in writing to all other parties no later than ten (10) business days prior to the date on which the party intends to provide access to "Confidential" information under this subsection. Prior to the conclusion of the ten (10)-day notice period, any party may object in writing to the designation of a Senior Business Representative. In case of such objection, the relevant parties shall promptly meet and confer in good faith, and if they have not

reached agreement, the party opposing designation of a Senior Business Representative may file a motion for protective order no later than ten (10) business days after the failure of meet-and-confer discussions. Prior to accessing "Confidential" information, any individual allowed to access such information pursuant to this paragraph shall execute the declaration attached as Exhibit B;

6. **Challenge to Designation of "Confidential" or "Highly Confidential – Attorney Eyes Only" Information.**

(a) If a receiving party in good faith disagrees with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" designation made by the party or non-party producing the designated document or information, and wishes to challenge said designation, said receiving party shall inform the party or non-party counsel of such disagreement and follow the procedures set forth herein for such challenge. Prior to such notification and successful challenge, the designation shall remain in effect and the document(s) or information shall be treated as "Confidential" or "Highly Confidential/Attorney Eyes Only."

(b) Upon written notification that a receiving party disagrees with a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY EYES ONLY" designation, counsel will confer in an effort to resolve the dispute without Court intervention. If, after conferring, the dispute cannot be resolved without Court intervention, the receiving party may move for a determination by the Court as to the appropriateness of the designation. Such a motion shall, to the extent necessary, be filed under seal to preserve the claimed confidentiality of the material. Upon filing of such a motion, the burden rests upon the party or person designating "Confidential" or "Highly Confidential" material to demonstrate the propriety of such designation. Until the parties or the Court resolves a challenge to the designation of "Confidential" or "Highly Confidential/Attorney Eyes Only" information, including any interlocutory appeals challenging such decisions, the original designation shall remain in full force and effect.

7. **Duties of Counsel to Act With Respect to this Protective Order.**

Counsel for the receiving party shall make a good-faith effort to ensure compliance with

the provisions of this Order. In the event of new counsel and/or change in counsel, the parties and/or retiring counsel shall fully instruct new counsel of their responsibilities under this Order. Counsel for the receiving party agrees to notify all persons to whom "Confidential" or "Highly Confidential/Attorney Eyes Only" information may be disclosed pursuant to Paragraphs 4 and 5 of their obligations to abide by the terms of this Order. It is the responsibility of counsel for the receiving party to ensure that any person obligated to sign Exhibit A or Exhibit B to this Protective Order does so prior to any disclosure. A signed copy of each such agreement shall be maintained by counsel for receiving party and provided to counsel for the producing party within a reasonable time upon request.

### 8. Inadvertent Failure to Designate.

In the event that a confidential document, paper, or thing is produced without having been previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," the party in receipt of that material shall, upon a written request from the producing party or person, treat and preserve such document or thing in accordance with the confidentiality designation that the producing party states should have been affixed to it. The producing party must then, within thirty (30) days of learning of the inadvertent failure to designate, re-produce the document, paper, or thing with the appropriate confidentiality designation. The inadvertent failure of a party or person to designate a document as "Confidential" or "Highly Confidential/Attorney Eyes Only" at the time of production shall not be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. However, no party shall be responsible to another for any use made of information produced hereunder and not identified or designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" prior to the date on which the producing party notified the receiving party of the inadvertent failure to designate.

### 9. Inadvertent Production of Privileged Documents.

Inadvertent production of any document produced in response to discovery requests in these Actions by any party or person, that such party or person later claims should have been

withheld on grounds of privilege (an "Inadvertently Produced Privilege Document"), including but not limited to the work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privilege Document or as to any other information relating thereto or on the same or related subject matters. A party or person claiming privilege or other protections for an Inadvertently Produced Privilege Document may notify any party that received the documents and state the basis for withholding such document from production. After being notified, any possessing party must not use or disclose the document until the claim is resolved and must take reasonable steps to retrieve the document if the party disclosed it before being notified. In addition, within ten (10) business days, any possessing party must return or destroy the specified document and any copies it has and the producing party must retain a copy of the document until the resolution or termination of these Actions. After a document is returned or destroyed pursuant to this Paragraph, a party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of inadvertent production. If a receiving party has a good faith belief that a received document might be subject to any privilege, the receiving party shall promptly notify the producing party of the document's production.

### 10.   Manner of Production.

Counsel for the parties requesting production of documents and the parties producing requested documents shall agree on the manner, format and cost of reproducing documents before any documents designated for reproduction are shipped or otherwise provided to counsel for the receiving parties. Reproduction of documents pursuant to this Order shall not transfer ownership in the reproduced documents.

### 11.   Use in Court Proceedings.

Nothing contained in this Order shall be construed to prejudice any party's right to use at trial or any hearing before the Court any "Confidential" or "Highly Confidential/Attorney Eyes Only" information. Should a party wish to use at a hearing or in such other public forum "Confidential" or "Highly Confidential/Attorney Eyes Only" information, the party seeking to

present such information will provide advance notice to the producing party prior to seeking introduction of the information, so that the producing party may seek appropriate relief from the Court at that time. Any party may request to close the courtroom to protect "Confidential" or "Highly Confidential/Attorney Eyes Only" information. If the Court orders the courtroom to be closed to the public, then any "Confidential" or "Highly Confidential/Attorney Eyes Only" materials may be presented openly in the courtroom. If the Court declines to order the courtroom to be closed, then any "Confidential" or "Highly Confidential/Attorney Eyes Only" materials shall be presented to the Court for review *in camera* or as the Court may otherwise direct. Procedures governing the use of another party's "Confidential" or "Highly Confidential/Attorney Eyes Only" information at trial shall be set forth in the Final Pretrial Order, prepared in accordance with Local Rule of Civil Procedure 16.1.

## 12. Filing in Court.

All "Confidential" and "Highly Confidential/Attorney Eyes Only" information filed with the Court shall be filed in sealed envelopes or other appropriately sealed containers on which shall be stated the caption of this litigation, the title of the pleading or some other indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" and a statement substantially in the following form:

> FILED UNDER SEAL in accordance with the Protective Order of Confidentiality entered by the United States District Court for the Eastern District of Pennsylvania, *In re: Budeprion Sales and Marketing Litigation*, MDL No. 2107."

Nothing in this Paragraph shall preclude a party from filing public versions of pleadings that are redacted to remove all "Confidential" or "Highly Confidential/Attorney Eyes Only" information.

## 13. Redaction of Confidential Information

(a)     Each party redacting information from reproduced documents subject to this Order shall prepare a log identifying the nature of the information redacted from reproduced documents in sufficient detail to allow the receiving party to determine whether a challenge to the redacted information may be appropriate. If the receiving party has a good faith basis for

challenging the redaction, the receiving party shall promptly inform the producing party of such redacted document. Upon written notification that a receiving party disagrees with a redaction, counsel will confer in an effort to resolve the dispute without Court intervention. If these discussions prove unsuccessful, the receiving party may move for a ruling on whether certain information is entitled to redaction.

(b)    In order to protect against unauthorized disclosure of confidential information not relevant to this litigation, the parties may redact from any "Confidential" or "Highly Confidential/Attorney Eyes Only" document (i) names and any information that would identify clinical trial subjects or patients referred to in adverse reaction reports, product experience reports, consumer complaints and other similar data, and any third party involved with such subjects or patients, including but not limited to a health care provider, hospital or other institution; (ii) home addresses; (iii) social security numbers, other than the last four digits; (iv) DEA numbers of medical doctors; and (v) any information protected from disclosure by operation of federal or state constitutional, statutory and regulatory law protecting the privacy rights of individuals. Each party redacting information from reproduced documents subject to this paragraph shall comply with the provisions discussed in paragraph (a) above, including the preparation of a log.

### 14.   Production of Plaintiffs' Medical Information.

Plaintiffs will provide any necessary consent, including any necessary waiver of restrictions under HIPAA, to allow third party production of plaintiffs' medical information, subject to appropriate redaction of personal, non-medical information (*e.g.*, social security numbers, home addresses) that has no bearing on the facts of this case.

### 15.   Inadvertent Disclosure of Information.

Should any document or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" be disclosed, through inadvertence or otherwise, to any person or party not entitled to receive the information, then the parties intend to have such person automatically be bound by this Order and (i) such person shall be informed promptly of all the provisions of this Order by the disclosing party; (ii) such person shall be identified

immediately to the producing party;  (iii) the disclosing party shall use its best efforts to have such person sign Exhibit A or Exhibit B to this Protective Order and forward to the requesting party; and (iv) the disclosing party shall use its best efforts to retrieve and return such documents or information.  If both parties agree that a disclosure of "Confidential" or Highly Confidential/Attorney Eyes Only" information was inadvertent, and the disclosing party has complied in full with this paragraph, the producing party will not seek sanctions associated with the disclosure.  If the disclosing party claims that the disclosure of "Confidential" or Highly Confidential/Attorney Eyes Only" information was inadvertent, and the producing party disagrees, the producing party agrees to meet and confer with the disclosing party before seeking sanctions associated with the disclosure.  However, the parties reserve their rights to dispute another party's claim of inadvertence, and to seek sanctions associated with any disclosure a producing party believes was not inadvertent.

16.   **Modification by Court.**

This Order may be changed by further order of the Court, and is without prejudice to the rights of any party or non-party to move for relief from any of the provisions, or to seek or agree to additional protection for any particular document.   Nothing in this Order shall prevent any party or non-party from applying for a modification of this Protective Order to resolve issues that may arise; or from applying to the Court for further or additional protective orders.  In the event of any motion to modify this Protective Order, the receiving party shall make no disclosure of any documents designated as "Confidential" or "Highly Confidential/Attorney Eyes Only" which are at issue in such motion, until the Court enters an order requiring such modification and all appeals from such order have been exhausted. Plaintiffs' agreement to this Order is not based on an assessment of the confidentiality.  If Plaintiffs move to unseal any documents(s), defendants retain the burden of proof, to the extent required by law.

17.   **Post-Litigation Handling of Materials and Documents.**

Within sixty (60) days after conclusion of this litigation, whether by final adjudication on the merits from which there remains no right of appeal, or by other means, each party or other person or non-party subject to the terms of this Order, with the exception of the Clerk of the

Court, shall be obligated to return, or confirm in writing that they have destroyed, all documents and information in their possession designated as "CONFIDENTIAL" and/or HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY," as well as any documents, logs, reports or summaries including such information.

**18. Production of Documents by the U.S. Food and Drug Administration**

This paragraph will govern the production of documents by the U.S. Food and Drug Administration ("the FDA"), a non-party in the above-captioned matter, pursuant to any third-party subpoena. The FDA will not be subject to any obligations imposed by any other paragraphs of this protective order. Defendants grant permission to the FDA to produce responsive documents that contain the Defendants' trade secrets and confidential commercial or financial information pursuant to, and subject to, the terms of this protective order. The parties to this litigation understand and agree that the FDA still may be required to redact certain other information, including, but not limited to: (i) trade secrets and confidential commercial or financial information belonging to companies that have not provided a release under this protective order, and (ii) information that is protected by other governmental privileges, such as the deliberative process privilege, as well as attorney-client communications, attorney work product, and personal privacy information.

Any and all documents produced by the FDA pursuant to a third-party subpoena in this matter shall be treated as though they may contain trade secrets or confidential commercial or financial information and shall be designated as "Highly Confidential/Attorney Eyes Only." With respect to the documents produced, the FDA will not be subject to any further obligations that this protective order may impose, including, but not limited to, defending the designation of documents as "Highly Confidential/Attorney Eyes Only," pursuant to paragraph 6, or preparing any log identifying the nature of the information redacted, pursuant to paragraph 13.

In the event any receiving party seeks to challenge the confidentiality designation of documents provided by FDA, the Defendant(s) whose documents or information is subject to the challenge shall, on behalf of the FDA, assume the burden of demonstrating the propriety of such designation. Similarly, should a party wish to share a document produced by the FDA with an Independent Advisor or Senior Business Representative, or to use a document produced by the FDA at a hearing or in such other public forum, that party shall provide the notice(s) contemplated by paragraph(s) 4, 5 and 11 to the Defendant(s) whose documents or information is at issue and such Defendant(s) will have the burden of objecting to such disclosure.

Within 60 days after conclusion of this litigation, whether by final adjudication on the merits for which there remains no right of appeal, or by other means, all copies of documents produced by the FDA shall be returned to the FDA, or, in the alternative, destroyed by the attorney in possession of such material. If the attorney opts to destroy the documents, they shall certify in writing to the FDA, within 5 days of destruction, that any such documents have been destroyed.

## 19. Enforcement of this Order/Jurisdiction.

This Order shall remain in full force and effect, and each party and person subject to this Order shall be subject to the jurisdiction of this Court, for the purpose of enforcement of the terms of this Order, even after termination of this action. The Court shall not be divested of the power to enforce the terms of this Order as to any parties or persons subject to the terms of this Order by the conclusion of this action, or by the filing of a notice of appeal or other pleading that arguably has the effect of divesting this Court of jurisdiction of this matter generally.

## 20. Derivative Works.

All counsel shall at all times keep secure all notes, abstractions, or other work product derived from or containing "Confidential" and/or "Highly Confidential/Attorney Eyes Only" information; shall be obligated to maintain the confidentiality of such work product, consistent with the terms of this Protective Order; and shall not disclose or reveal the contents of said notes, abstractions, or other work product after the documents or portions thereof (and the information

487831.01

contained therein) are returned or destroyed in accordance with paragraph 17 of this Order.

### 21.   **Efforts to Resolve Disputes.**

The parties shall negotiate in good faith to resolve any dispute relating to any alleged violation of this Order prior to making any motion to the Court relating to any violation or alleged violation of this Order.

The signatories hereto stipulate and consent to the issuance of this Order as an Order of this Court.

STIPULATED AND AGREED TO BY COUNSEL

Date: __5/13/10__

Allan Kanner
Conlee S. Whiteley
M. Ryan Casey
KANNER & WHITELEY
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
**Counsel for Plaintiffs**

Date: _____

Asim M. Bhansali
Paula L. Blizzard
Warren A. Braunig
KEKER & VAN NEST
710 Sansome St.
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
**Counsel for Defendant Impax Labs, Inc.**

Date: _____

C. Robert Boldt
R.C. Harlan
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:    (213) 680-8400
Facsimile:    (213) 680-8500
**Counsel for Defendants Teva Pharmaceuticals, USA, Inc.**

IT IS SO ORDERED BY THE COURT

Date: __5-14-10__

Berle M. Schiller, J.

487831.01

**STIPULATED AND AGREED TO BY COUNSEL**

Date: _____

Allan Kanner
Conlee S. Whiteley
M. Ryan Casey
KANNER & WHITELEY
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
**Counsel for Plaintiffs**

Date: 5/13/2010

Asim M. Bhansali
Paula L. Blizzard
Warren A. Braunig
KEKER & VAN NEST
710 Sansome St.
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
**Counsel for Defendant Impax Labs, Inc.**

Date: _____

C. Robert Boldt
R.C. Harlan
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500
**Counsel for Defendants Teva Pharmaceuticals, USA, Inc.**

**IT IS SO ORDERED BY THE COURT**

Date: _____

Berle M. Schiller, J.

STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
CASE NO. MDL No. 2107

**STIPULATED AND AGREED TO BY COUNSEL**

Date: _____

_____
Allan Kanner
Conlee S. Whiteley
M. Ryan Casey
KANNER & WHITELEY
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
Facsimile: (504) 524-5763
**Counsel for Plaintiffs**


Date: _____

_____
Asim M. Bhansali
Paula L. Blizzard
Warren A. Braunig
KEKER & VAN NEST
710 Sansome St.
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
**Counsel for Defendant Impax Labs, Inc.**


Date: 5/13/10

_____
C. Robert Boldt
R.C. Harlan
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, CA 90017
Telephone:   (213) 680-8400
Facsimile:   (213) 680-8500
**Counsel for Defendants Teva Pharmaceuticals, USA, Inc.**


**IT IS SO ORDERED BY THE COURT**


Date: _____

_____
Berle M. Schiller, J.

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY
CASE NO. MDL No. 2107**

# Exhibit A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BUDEPRION XL<br>MARKETING & SALES LITIGATION | MDL No. 2107 |
| THIS DOCUMENT APPLIES TO: ALL<br>ACTIONS, | 09-md-2107 |

## EXHIBIT A

## HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY AGREEMENT

## AFFIDAVIT

The undersigned agrees:

I hereby attest to my understanding that documents, materials or things designated "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" are provided to me subject to a Protective Order of Confidentiality in the above-captioned litigation; that I have been given a copy of and have read this Protective Order of Confidentiality, and that I agree to be bound by its terms. I also understand that my execution of this Highly Confidential/Attorney Eyes Only Agreement Affidavit, indicating my agreement to be bound by the Protective Order of Confidentiality, is a prerequisite to my review of any documents, materials or things designated as "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" pursuant to the Protective Order of Confidentiality.

I further agree that I shall not disclose to others, except in accordance with this Protective Order of Confidentiality, any "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials or things as defined therein, or any information contained in such

1

"HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials, or things, in any form whatsoever, and that such "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials or things and the information contained therein may be used only for the purposes authorized by the Protective Order of Confidentiality.

I further agree and attest to my understanding that my obligation to honor confidentiality of such "HIGHLY CONFIDENTIAL/ATTORNEY EYES ONLY" documents, materials or things will continue even after this litigation concludes. I further agree that I will be subject to the jurisdiction of this Court for the purpose of any proceedings relating to enforcement of the Protective Order of Confidentiality.

Date: _____          By: _____


_____
(Print Name)

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: BUDEPRION XL
MARKETING & SALES LITIGATION          MDL No. 2107

THIS DOCUMENT APPLIES TO: ALL          09-md-2107
ACTIONS,

## EXHIBIT B

## CONFIDENTIAL AGREEMENT AFFIDAVIT

The undersigned agrees:

I hereby attest to my understanding that documents, materials or things designated
"CONFIDENTIAL" are provided to me subject to a Protective Order of Confidentiality in the
above-captioned litigation; that I have been given a copy of and have read this Protective Order
of Confidentiality, and that I agree to be bound by its terms. I also understand that my execution
of this Confidentiality Agreement Affidavit, indicating my agreement to be bound by the
Protective Order of Confidentiality, is a prerequisite to my review of any documents, materials
or things designated as "CONFIDENTIAL" pursuant to the Protective Order of Confidentiality.

I further agree that I shall not disclose to others, except in accordance with the Protective
Order of Confidentiality, any "CONFIDENTIAL" documents, materials, or things as defined
therein, or any information contained in such "CONFIDENTIAL" documents, materials, or
things, in any form whatsoever, and that such "CONFIDENTIAL" documents, materials or
things and the information contained therein may be used only for the purposes authorized by the
Protective Order of Confidentiality.

I further agree and attest to my understanding that my obligation to honor the

confidentiality of such "CONFIDENTIAL" documents, materials or things will continue even after this litigation concludes. I further agree that I will be subject to the jurisdiction of this Court for the purpose of any proceedings relating to enforcement of the Protective Order of Confidentiality.


Date:_____     By:_____


                                   _____
                                   ( Print name)

**STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY**
**CASE NO. MDL No. 2107**