IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BUDEPRION XL<br>MARKETING & SALES LITIGATION | MDL No. 2107 |
| THIS DOCUMENT APPLIES TO: ALL ACTIONS, | 09-md-2107 |

**PLAINTIFFS' SUBMISSION REGARDING
PROPOSED CASE SCHEDULE**

The Parties have met and conferred and attempted to reach agreement on a joint proposed schedule to submit to the Court. The following sets forth Plaintiffs' proposal with a brief explanation of the reasons therefore:

**I.   PLAINTIFFS' PROPOSAL**

07/15/2010   Supplement Initial Fact Disclosures

09/01/2010   Status/Discovery Conference

10/15/2010   Complete Initial Discovery including Rule 30(b)(6) and IT depositions of Teva and Impax; Depositions of Mark Shaw (Impax), Paul Fackler (Teva), Deborah Jaskot (Teva); and Class Representatives Micki Sackler and Andrew Richards[1]

11/01/2010   Status/Discovery Conference

12/17/2010   Close of Fact Discovery

01/31/2011   Plaintiffs move for Class Certification

---

[1] If Defendants intend to rely on expert testimony or analysis for the purposes of class certification, Plaintiffs reserve the right to timely depose them prior to the motion for class certification. Plaintiffs believe that this should be done prior to the close of fact discovery and all issues relating to same should be resolved during or prior to an early November 2010 status conference.

02/28/2011     Defendants oppose Class Certification

03/15/2011     Plaintiffs reply to opposition to Class Certification

[03/21/2011][2]  Class certification hearing to be set by Court

[04/04/2011]   Status Conference to discuss any additional discovery warranted by Court's Ruling on Class Certification

04/20/2011     Exchange Expert Reports

05/31/2011     Expert Deposition Deadline

07/01/2011     Dispositive Motions Deadline

08/01/2011     Dispositive Motion Opposition Deadline

08/15/2011     Dispositive Motion Reply Deadline

[09/15/2011]   Dispositive Motion hearing to be set by Court

## II.   SUMMARY OF PLAINTIFFS' PROPOSAL

### A. Introduction

Plaintiffs and Defendants spent a considerable amount of time in an attempt to reach an agreement as to the appropriate schedule, were able to find common ground on some of the initial dates, and exchanged schedules that were not overwhelmingly different in time periods. However, three fundamental differences prevented Plaintiffs and Defendants from reaching an agreement on the schedule to be presented to the Court.[3] These fundamental differences relate to the deadline to complete discovery; what type of discovery should be completed during that time period; and the timing of the exchange of expert reports.

---

[2] Bracketed dates indicate dates used as place holders and which are ultimately to be set at the convenience of the Court.

[3] After the Parties realized no compromise would be reached, Defendants insisted that the submissions be presented to the Court separately, with narratives, thus necessitating the additional time need for separate presentation.

**B. Class and Merits Discovery Should be Combined and Finalized by December 2010**

Plaintiffs' proposal contemplates a prompt and active discovery period that encompasses both class and merits discovery and which concludes in December 2010.[4]  All class discovery is to be taken well before the briefing on class certification.  This schedule is conducive to satisfying the appropriate class certification standard and will allow the Parties to present legal analysis and evidence sufficient to allow the Court to render an opinion on class certification which is "(1) a readily discernable, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernable, clear and complete list of the claims, issues or defenses to be treated on a class basis." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305 (3d Cir. 2008), *citing, Wachtel v. Guardian Life Inc. Co.,* 453 F.3d 179, 187.

Merits discovery, which has begun, and which often overlaps with class discovery, will continue and will also be completed prior to class certification briefing.  Given the Third Circuit's ruling in *Hydrogen Peroxide*, Plaintiffs would be remiss to move for certification without having completed the discovery necessary to try the Class case, assuming certification is granted.  *See generally, In re Hydrogen supra.*, 552 F.3d 305 (3d Cir. 2008).  Under Plaintiffs' proposal, all discovery which the parties contemplate they will need on both class certification and for the trial on the merits should be completed by December 17, 2010.  This provides a reasonable time frame to focus on what is needed for trial and encourages efficient and prompt resolution of the merits of Plaintiffs' claims.

Defendants' proposal contemplates rolling class and putative class member discovery on going through and even after the class briefing period into March of 2011.   Defendants proposal

---

[4] Both Plaintiffs and Defendants have presented extensive argument on Bifurcation and Trifurcation to the Court and the Court is well aware of the positions of each party.  In summary, Plaintiffs submit that any form of bifurcation that will delay merits discovery will be counterproductive and will delay the process of suit for orderly and efficient adjudication.  *See* 3 NEWBERG ON CLASS ACTIONS, §7:8 (4th Ed); MANUAL FOR COMPLEX LITIGATION, §11.213 (4th Ed).

to continue with class related depositions and other discovery after Plaintiffs' class brief is filed is fraught with gamesmanship and can lead to delays and extended replies and sur-replies to the class motion that are avoidable with disciplined scheduling. All discovery related to class certification should be taken promptly and prior to the submission of Plaintiffs' Motion for Class Certification.

### C. Putative Class Member Discovery is Unnecessary

Defendants' desire to extend the discovery period into March of 2010 is based in part on their current intention to depose various state class representatives who are not named in the Administrative Complaint, and possibly other un-named class members. This amounts to absent class member discovery which is disfavored by the federal courts. Discovery of the class members other than those named in the Administrative Complaint is inappropriate unless the Court rules *against* certification of a nationwide class. At that time, the Court can determine how the case should proceed and whether discovery of the named plaintiffs in the various statewide class actions is necessary in this forum or elsewhere. This allows the parties to re-access their positions based on the Court's ruling and allows the Court to make concrete decisions on what additional discovery, if any, is actually necessary to proceed to trial.

Defendants cannot meet the exceedingly high standard for absent class member discovery. The majority of federal courts which have considered the issue of discovery from putative class members have concluded that precertification discovery is limited. Class actions are unique such that the Court has the duty to regulate discovery of putative class members. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 n.12, 101 S.Ct. 2193, 2200 n.12 (1981); 5 NEWBERG ON CLASS ACTIONS § 15:2 (4th ed.).

Defendants have a heavy burden of showing the circumstances necessary to allow discovery of putative class members and it is not permitted absent a showing of extraordinary

circumstances. *Baldwin & Flynn v. National Safety Associates*, 149 F.R.D. 598, 600 (N.D.Cal. 1993); *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). Further, prior to ordering discovery on absent class members, the "trial court must be assured that the requested information is actually needed in preparation <u>for trial</u> and that discovery devices are not used to take unfair advantage of 'absent' class members." *Robertson v. Nat'l Basketball Ass'n*, 67 F.R.D. 691, 699 (S.D.N.Y. 1975) (emphasis added). Here, that is clearly not the case.

California law makes absent class discovery even less relevant. Under the UCL, reliance is imputed to the class upon a showing of reliance by the class representative. *See, e.g., In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 134 n. 19 (2009) (citing *In re Tobacco II cases*, 46 Cal. 4th 298, 320) (2009)) ("it is clear from [California] Supreme Court authority that recovery in an unfair competition law action is available in the absence of individual proof of deception, reliance, and injury"). The CLRA similarly allows "plaintiffs [to] satisfy their burden of showing causation as to each by showing materiality as to all." *See, e.g, Wilens v. T.D. Waterhouse Group, Inc.,* 120 Cal. App. 4th 746, 754 (2003).

Given that federal courts disfavor absent class member discovery, coupled with the eased commonality and typicality requirements inherent in California's consumer protection laws, Defendants can not show "extraordinary circumstances" necessary to justify absent class member discovery.

### D. Expert Reports Should be Exchanged Concurrently

Rule 26(a)(2) states that disclosures of expert reports are to be made "at the times and in the sequence that the court orders." F.R.C.P. 26(a)(2)(C). Plaintiffs suggest that expert reports should be exchanged concurrently and depositions <u>of all experts</u> to occur thereafter. In no event

should Plaintiffs' experts be deposed prior to the receipt of Defendants' expert reports as Defendants' proposal suggests.

There is nothing revolutionary about Plaintiffs' proposal, which is clearly allowable under the federal rules. In fact, a schedule similar to what Plaintiffs request here was entered in *U.S. v. Merck-Medco Manged Care, L.L.C.*, No. 00-737, 2005 WL 273030 at *2 (E.D. Pa. Feb. 2, 2005); *see also, Telecom Technical Svcs Inc. v. Rolm Co.*, No 03-3940, 1997 WL 3463705 at *5 (N.D. Ga. 1997) (exchange of [Plaintiff's and Defendant's] expert reports to occur simultaneously followed by an exchange of rebuttal reports).

Alternatively, the Court should order expert reports to be submitted concurrently with an additional 14 days for each party to serve rebuttal expert reports solely addressing those issues raised in the opposing party's reports. More specifically, as stated by the Court in *U.S. v. Visa USA, Inc.*,

> Given the parties' familiarity with the underlying issues and with the issues to be addressed by experts, there is no need to burden the schedule with an extended period of time during which defendants' experts craft reports to rebut plaintiff's experts. The same purposes can be met by the parties' inclusion in the schedule of a brief period for preparation and submission of expert rebuttal reports.

No 98-7076, 1999 WL 476437 at *4 (S.D.N.Y. Jul. 7, 1999). The central premise of the Supreme Court's holding in *Daubert* was to end the era of dueling expert reports that merely react to one another. *See generally*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Alternatively, therefore, all expert evidence in support of Plaintiffs' claims or Defendants' affirmative defenses should be due at the same time, with each side given 14 days to provide rebuttal reports solely addressing those issues raised by the other party's expert reports. *See, e.g., AT&T Wireless Services of Cal. LLC v. City of Carlsbad*, No. 01-2045, 2002 WL 34396709 at *2 (S.D. Fla. Nov. 7, 2002) ("although a report is required, it need not necessarily be a final report"); *see also Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*,

199 F.R.D. 484, 487 (E.D.N.Y. 2001) ("[t]he general purpose of establishing a pretrial sequencing of disclosure for expert testimony is to provide parties with adequate notice for purposes of effective cross-examination and an opportunity for submission of contradicting evidence-in-chief").

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that their schedule be entered as set forth herein.

Dated: June 25, 2010

**GOLOMB & HONIK**

By:  /s/ KJG2445
Richard M. Golomb, Esquire
Ruben Honik, Esquire
Kenneth Grunfeld, Esquire
1515 Market Street
Suite 1100
Philadelphia, PA 19107

Allan Kanner, Esquire
Conlee Whiteley, Esquire
Ryan Casey, Esquire
KANNER & WHITELEY, L.L.C.
701 Camp Street
New Orleans, LA 70130

Wayne Kreger, Esquire
Gillian Wade, Esquire
MILSTEIN, ADELMAN & KREGER, L.L.P
2800 Donald Douglas Loop North
Santa Monica, CA 90405

*Counsel for Plaintiffs*