IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CLASS ACTION |
| BUDEPRION XL MARKETING AND | ) | |
| SALES PRACTICES LITIGATION | ) | 2:09-CV-2811 (Lead Case) |
| (MDL 2107) | ) | |
| | ) | |
| | ) | |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT**

And now, this __1__ day of __Feb__, 2012, upon review and consideration of the Settlement Agreement and the exhibits annexed thereto, dated January 6, 2012 (the "Settlement"), executed on behalf of the named Plaintiffs and the members of the Class, and Defendants; upon consideration of all prior proceedings in this action; and the hearing on the proposed Settlement;

Upon the motion of Plaintiffs and with the concurrence of the Defendants, it is hereby ORDERED as follows:

1. The terms of the Settlement are preliminarily approved, subject to further consideration at the Final Hearing described herein.

2. Pursuant to Federal Rule of Civil Procedure 23, and for purposes of settlement only, the Court hereby conditionally certifies this action as a class action on behalf of the following class (the "Settlement Class"):

> **All individuals in the United States who, from 2006 to the present, purchased and/or paid-for (in whole or in part), for personal use and not for resale, Bupropion Hydrochloride XL (150 mg) and/or Budeprion XL (300-mg) manufactured by Impax.**
>
> **Excluded from the class are Defendants, any parent, subsidiary or affiliate of Defendants, and their officers, directors, and employees,**

**who are or have been employed by Defendants, and any judicial officer who may preside over this action.**

3. The Court preliminarily finds the prerequisites of class certification for a settlement class under Rule 23(a) and 23(b)(2) have been met. In addition, the Court finds that the Settlement is within the range of reasonableness such that notice thereof should be given to members of the Settlement Class.

4. The Court hereby appoints Micki Sackler and Andrew Richards as Class Representatives for the Settlement Class.

5. Having considered the factors set forth in Rule 23(g), and having found Kanner & Whiteley, L.L.C., Golomb & Honik, P.C., and Milstein Adelman L.L.P. to be adequate, the Court hereby appoints Kanner & Whiteley, L.L.C., Golomb & Honik, P.C., and Milstein Adelman L.L.P. as Class Counsel to represent the Settlement Class. Allan Kanner shall continue to serve as Lead Counsel and Richard Golomb will continue to serve as Liaison Counsel.

6. A Fairness Hearing will be held on May 25 (9=A.M.), 2012, (i) to determine whether the Settlement Class should be certified and the Settlement should be approved as fair, reasonable and adequate and in the best interests of the members of the Class, (ii) to determine whether a Final Order and Judgment should be entered dismissing the Action with prejudice, and (iii) to rule upon an application consistent with the terms of the Settlement by Class Counsel for an award of attorney's fees and reimbursement of costs, and for service awards for the Class Representatives and named plaintiffs not to exceed $10,000 and $5,000 respectively.

7. In accordance with the terms of the Settlement, as soon as practicable after the entry of this Order, but in no event later than thirty (30) days hereafter, the

Defendants shall cause publication of class notice ("Notice") in USA Today and the New York Times in the number of instances set forth in the Settlement, in substantially the same form as that attached to the Settlement Agreement and establish the settlement website as described therein.

8. Notice to the Class Members as provided in compliance with this Order is hereby found to be the best notice practicable under the circumstances, and constitutes due and sufficient notice, in full compliance with any notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

9. Any objections by any member of the Class to: (i) the certification of the Class and the terms of the proposed Settlement and/or (ii) entry of the Final Order and Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before May 11, 2012, [2 weeks before final approval hearing] such objector files with the Court a notice of the objector's intention to appear, submits documentary proof that the objector is a member of the Class, states the basis for such objections, and serves copies of the foregoing and any other papers in support of such objections upon counsel for the parties identified in the Notice so that such papers are actually received by counsel for the parties by the date specified in the Notice.

10. The parties shall file and serve all papers in support of the application for final approval of the Settlement and/or in response to any valid and timely objections, on or before May 18, 2012.

11. Class Counsel shall file and serve all papers in support of the application for attorneys' fees, costs and service awards on or before April 27, 2012 [2 weeks

before objections are due].

12. Pending the Fairness Hearing, all proceedings in this Action are hereby stayed, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement.

13. Pending the Fairness Hearing, Plaintiff and the Class Members, or any of them, are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims.

IT IS SO ORDERED in Philadelphia, Pennsylvania, this __1__ day of __Feb__, 2012.

BY THE COURT:

_____
**HONORABLE U.S. DISTRICT JUDGE
BERLE M. SCHILLER**