

## ATTORNEY GENERAL OF TEXAS
### GREG ABBOTT

*please docket as "objection to proposed settlement"*
*09-md-2107*

May 9, 2012

The Honorable Berle M. Schiller                    *Via Facsimile No. (267) 299-5073*
United States District Judge
United States Courthouse
601 Market Street, Room 13613
Philadelphia, PA  19106

    RE:    Objection to Final Approval of Settlement in *Budeprion XL Marketing and Sales Practices Litigation*, MDL 2107 (lead case Cause No. 2:09-CV-2811); On behalf of approximately 182,376 affected Texas residents

Dear Judge Schiller:

    Under the Class Action Fairness Act of 2005 ("CAFA"), our office has the responsibility to review proposed class action settlements that affect Texas residents, and advise the Court of our concerns when appropriate. *See* 28 U.S.C. § 1715(a)(2), § 1715(b). Defense counsel has estimated that approximately 182,376 Texas residents, or 8.16% of the total estimated class of 2,235,000 people, will be affected by this settlement.

    After careful review of the terms of the proposed settlement, we are writing in order to alert the Court to several concerns about the adequacy of representation received by the class, and the due process rights of absent class members. Specifically, we request that the Court withhold approval until the parties either structure some monetary relief for the class, or modify the release to ensure that monetary claims by class members are not foreclosed by approval of the settlement.

    The touchstone of determining whether a settlement may be approved is whether the Court finds that the settlement is "fair, reasonable and adequate". Fed. R. Civ. P. 23(e)(1)(C). Here, most of the actions that Defendants agree to take are things that they have already done, sometimes years before the date of the settlement agreement, or a generic description of basic business practices such as "implement monitoring" or "designate a senior quality and compliance officer to oversee quality". Settlement Agreement at ¶ 7(a)-(g).

    Certainly, our office understands that this litigation involves claims against manufacturers of a generic drug, and as such, the Supreme Court's decision in *PLIVA, Inc. v. Mensing*, -- U.S. --, 131 S. Ct. 2567 (2011), substantially increases the risk of continued litigation for the class. Nevertheless, even after *Mensing*, the Defendants are willing to pay $4.5 million in order to end this litigation. Out of that money, attorneys for the class have crafted no mechanism to distribute any of that money to the class, yet they have negotiated a release that will foreclose any member of the class from suing for restitution, with no opportunity to opt out,

Judge Berle M. Schiller
May 9, 2012
Page 2

and notice only by publication. There is some indication in the Settlement Agreement that "service awards" may be provided to the named plaintiffs out of the $4.5 million payment, but the amounts of those payments are not specified in the Agreement. *See* Settlement Agreement at ¶ 13 ("Within 20 days . . . of Final Approval . . . Defendants agree to pay the amount approved by the Court for Plaintiffs' attorneys' fees, costs and service awards, not to exceed $4.5 million.").

The Supreme Court has repeatedly expressed concerns with approving settlements in mandatory class actions with a release of monetary claims, even when substantial monetary relief is made available to the class. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 845-46 (1999) (declining to certify a mandatory settlement class, despite a settlement fund of over $1 billion, noting, among other concerns, that the "certification of a mandatory class followed by settlement of its action for money damages obviously implicates the Seventh Amendment jury trial rights of absent class members . . . and the [principle of] due process . . ."); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 & n.3 (1985) (holding that "due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class," but limiting that holding to "those class actions which seek to bind known plaintiffs concerning claims wholly or predominately for money judgments"). These constitutional concerns are even more prevalent here, because the parties seek approval of a settlement with a mandatory class, a release of an entire category of monetary claims, and *no* monetary relief for the class.

Terms such as these also raise serious concerns with whether the class has been adequately represented. *See, e.g., Clement v. Am. Honda Fin. Corp.*, 176 F.R.D. 15, 22 (D. Conn. 1997) (declining to certify settlement class on adequacy grounds where "the named plaintiffs each secured a $2500 cash payment for themselves and a $140,000 attorney fee award for their attorneys, [and] the individual class members were to receive . . . a worthless coupon and deficiency credit").

Coupon settlements provide an apt analogy here, because members of the class receive nothing of any monetary value at all, while the attorneys take virtually all the cash that the Defendants have put on the table to settle these claims. *See True v. American Honda Motor Co*, 749 F. Supp. 2d 1052, 1078 (C.D. Ca. 2010) ("Since there is no guarantee that [the defendant] will pay *any* money out of the settlement to either class members or a cy pres beneficiary, to award three million dollars to class counsel who may have achieved no financial recovery for the class would be unconscionable."); *see also Mirfasihi v. Fleet Mortg. Co.*, 356 F.3d 781, 785 (7th Cir. 2004) (Posner, J.) (refusing to approve a proposed settlement in which over 70% of the class would receive no monetary compensation, yet would release their claims against the defendants, and asking: "Would it be too cynical to speculate that what may be going on here is that class counsel wanted a settlement that would give them a generous fee and [the defendant] wanted a settlement that would extinguish 1.4 million claims against it at no cost to itself?").

Judge Berle M. Schiller
May 9, 2012
Page 3

      Our office respectfully submits that any future terms of settlement should include either some form of monetary relief for class members or a release of injunctive claims only. We thank the Court for its careful attention to this matter.

      Sincerely,

H. MELISSA MATHER
Assistant Attorney General
Financial and Tax Litigation Division
TEL:  (512) 475-2540
FAX:  (512) 477-2348
hmelissamather@texasattorneygeneral.gov

HMM/jrb

cc:    Allan Kanner *(Via Facsimile No. (504) 524-5763)*
       KANNER & WHITELEY, LLC
       701 Camp Street
       New Orleans, LA 70130
       **Counsel for Plaintiffs**

       John Bostic *(Via Facsimile No. (415) 397-7188)*
       KEKER & VAN NEST, LLP
       622 Battery Street
       San Francisco, CA 94111
       **Counsel for Defendant Impax Laboratories, Inc.**

       Jay P. Lefkowitz, P.C. *(Via Facsimile No. (212) 446-4900)*
       KIRKLAND & ELLIS, LLP
       601 Lexington Avenue
       New York, NY 10022
       **Counsel for Defendant Teva Pharmaceuticals USA, Inc.**



## Attorney General of Texas
### GREG ABBOTT

# FAX Cover Sheet

**Financial and Tax Litigation Division**
P.O. Box 12548
Austin, TX 78711-2548
Phone Number: 512/475-4209
FAX Number: 512/370-9923 / Alternate 512/ 480-8327

| | |
|---|---|
| To: | The Honorable Berle M. Schiller |
| Company/Agency: | United States District Judge |
| Fax number: | (267) 299-5073 |
| Date: | May 9, 2012 |
| From: | Melissa Mather<br>Assistant Attorney General (512) 475-2540 |
| RE: | Objection to Final Approval of Settlement in *Budeprion XL Marketing and Sales Practices Litigation*, MDL 2107 (lead case Cause No. 2:09-CV-2811); On behalf of approximately 182,376 affected Texas residents |
| No. of pages (including cover): | 4 |

**COMMENTS:** Transmitting my letter of today (May 9, 2012)

**CONFIDENTIALITY NOTICE**
This facsimile transmission (and/or any documents accompanying it) may contain confidential information belonging to the sender. It is intended only for the use of the person or entity named above. IF YOU RECEIVE THIS MESSAGE AND YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED. If you have received this transmission in error, please notify us immediately by telephone to arrange for the return of the documents. Thank you for your cooperation.

**IF YOU DO NOT RECEIVE ALL THE PAGES, OR IF THERE IS A PROBLEM, PLEASE CALL JUDY BURGESS at (512) 475-4303.**